# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 19-40834
Summary Calendar
_____

D.C. Docket No. 4:18-CR-46-16

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

CRISTIAN MENDOZA,

      Defendant - Appellant

      Appeal from the United States District Court for the
            Eastern District of Texas

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



**Certified as a true copy and issued**
**as the mandate on Jul 21, 2020**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40834
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee

v.

CRISTIAN MENDOZA,

                        Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-46-16

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

    Cristian Mendoza pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to manufacture and distribute 500 grams or more of methamphetamine and was sentenced 420 months of imprisonment, followed by five years of supervised release. He appeals, asserting that his guilty plea was not knowing and voluntary because he pleaded guilty to an offense for which he was certain to receive a guidelines range of life

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 19-40834  Document: 00515497569  Page: 2  Date Filed: 07/21/2020
Case 4:18-cr-00046-SDJ-KPJ Document 1072 Filed 07/21/20 Page 3 of 5 PageID #: 4350

No. 19-40834

imprisonment despite the magistrate judge advising him that his guidelines range would not be determined until the PSR was prepared. Mendoza therefore contends that he was not aware of the consequences of his guilty plea and that had he known that he faced a guidelines range of life imprisonment he would not have pleaded guilty.

Because Mendoza did not raise this issue in the district court, we review for plain error only. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). The record of Mendoza's rearraignment reflects that he acknowledged that he understood the consequences of his plea – including the maximum sentence that could be imposed and the operation of the Sentencing Guidelines – and that he was pleading voluntarily, that no one had threatened him or forced him to plead guilty, and that no one had made any promises other than what was provided in the plea agreement. Mendoza's "solemn declarations in open court . . . carry a strong presumption of verity." *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (internal quotation marks, brackets, and citations omitted). Contrary to Mendoza's assertion, he did not plead guilty to an offense for which he was certain to receive a guidelines range of life imprisonment. To the extent Mendoza argues that the plea agreement lacked consideration, the record reflects that he did, indeed, receive consideration for his plea. Mendoza has not shown any error, plain or otherwise, with respect to the validity of his plea.

Mendoza also asserts that his trial counsel was ineffective for failing to object to the denial of an acceptance of responsibility reduction. Mendoza did not raise this claim in the district court, and we conclude that this is not one of the "rare cases" in which the record is sufficiently developed to allow consideration of an ineffective assistance of counsel claim on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation

Case: 19-40834     Document: 00515497569     Page: 3     Date Filed: 07/21/2020
Case 4:18-cr-00046-SDJ-KPJ   Document 1072   Filed 07/21/20   Page 4 of 5 PageID #: 4351

No. 19-40834

marks and citation omitted). Thus, we decline to consider Mendoza's ineffective assistance claim without prejudice to his right to seek collateral review. *See id.*

AFFIRMED.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 21, 2020

Mr. David O'Toole
Eastern District of Texas, Sherman
101 E. Pecan Street
Federal Building
Room 216
Sherman, TX 75090-0000

    No. 19-40834   USA v. Cristian Mendoza
                          USDC No. 4:18-CR-46-16

Dear Mr. O'Toole,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Nancy F. Dolly, Deputy Clerk
                                      504-310-7683

cc:   Mr. Ernest Gonzalez
       Mr. John Andrew Kuchera
       Mr. Bradley Elliot Visosky