In the United States District Court
For the Eastern District of Texas
Sherman Division

---

United States of America,
    Respondent,

v.                                              Case No. 4:18CR46
                                                Civil No. _____

Cristian Mendoza,
    Petitioner.

---

Memorandum Brief in Support
of Motion to Vacate, Set Aside, or Correct
Sentence Pursuant to 28 U.S.C. 2255

---

Comes Now, Cristian Mendoza, hereinafter, "petitioner" filing pro se, asking this Honorable Court to review this motion to pursue a claim of ineffective assistance of counsel during a critical stage in proceedings pursuant to the two prong test set forth in the Supreme Court's

-1-

holding in Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-74, 80 L. Ed. 2d 674 (1984) and its progenies.

Petitioner respectfully asks this Honorable Court to liberally construe his pleadings under the standard governing pro se submissions announced in the landmark Supreme Court case Haines v. Kerner, 404 US 519, 520 (per curiam) (1972) See also Tilmon v. Texas, 2015 U.S. Dist. (5th Cir).

A. <u>Standard of Review</u>

Under 28 U.S.C. 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that; the sentence was imposed in violation of the constitution or laws of the United States

or that the Court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack... 2255. To warrant relief, a petitioner must "demonstrate that an error of constitutional magnitude had a substantial and injurious effect..." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 123. L. ed. 2d. 353 (1993). Pacheco v. Rice, 966 F. 2d. (5th Cir. 1992). Thus 28 U.S.C. 2255 is reserved for "constitutional or jurisdictional errors." See Shepard, 2015 U.S. Dist. LEXIS 117074.

This appeal is brought under a violation of the Constitutions Fifth and Sixth Amendments.

B. <u>Procedural/Case History</u>

On September. 5, 2018 the Government filed an indictment charging Petitioner with one count

of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. 846, to which he ultimately pleaded guilty to the single count of the indictment pursuant to a plea agreement. At sentencing the court imposed a term of 420 months imprisonment. He appealed his sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit rejected his arguments in an unpublished opinion on February 20, 2020.

C. Guilty Plea

Although petitioner's guilty plea was constructed by the government and petitioner's counsel to be in favor of the government, his guilty plea does not preclude petitioner from bringing a claim of ineffective assistance of counsel or for Prosecutorial Misconduct.

## Issue for 2255 Relief

### I

Counsel was constitutionally ineffective for failing to properly investigate the background of the governments witnesses and the over all case.

### Applicable Law

The Sixth Amendment to the United States Constitution provides in pertinent part that "in all criminal prosecutions, the accused shall enjoy the right... to have the assistance of counsel for his defense". U.S. Const., Amend VI. Thus a criminal defendant is constitutionally entitled to the effective assistance of counsel both at sentencing and direct appeal. See Evitts v. Lucey, 469 U.S. 387, 393-96 (1985); Also see Lafler v. Cooper, 56 U.S. 156, 165 (2012). When a claim of ineffective assistance of counsel is raised, petitioner is required to pass a two prong test set forth in Strickland v.

-5-

<u>Washington.</u>

Petitioner asserts that his counsel at no point other than asking petitioner to corroborate with the government, there was no intrest in the matter of a defense on behalf of petitioner's case. Counsel brought to petitioner a ten(10) page plea agreement that would not allow him to benefit in any way. A waiver of every right that was made for all, to protect for such matter as this was taken away. Although petitioner signed the plea agreement and stated that it was voluntary, it should not be allowed because it was induced by coercion. petitioner was told that if he did not accept the plea, "his brother would received a life sentence". Counsel's conduct of inducing defendant into a blind plea where defendant faced 360 months to life was ineffective assistance; defendant had nothing to lose and nothing to gain by going to

- 6 -

to trial. Esslinger v. Davis, 44 F. 3d 1515 (11th Cir. 1995).

A Constitutional right can at no time be waived, and a violation of it cannot be upheld. Petitioner did not receive effective assistance of counsel.

## II

Prosecutorial Misconduct.

The government solicited false statements and testimonies in exchange for a reduction in their sentencing, from parties that had already been sentenced and were not a part of petitioner's case. This was done to falsify a time-line of more than what the investigation can show. Prosecutors are so use to violating the law and getting away with it, that they fail to remember what the Supreme Court put into place in Zedner v. U.S. 164 L. Ed (2006).

A plea agreement is bound by the rules governing the contract laws, where both parties are to benefit from the agreement.

-7-

How can it be seen or said that the petitioner benefitted, when the government went of the most undermining position to obtain the highest amount in the sentencing?

Conclusion

Petitioner respectfully asks that this Honorable Court to take into consideration the fact that petitioner would have had nothing to gain other then retaining all of his rights and nothing to lose in this matter if he had taken his case to trial. The government used petitioner's counsel in whom petitioner trusted to obtain a plea of guilty.

Respectfully Submitted
This 2st day of June 2021

_____